**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| COURTNEY PRICE, *et al.,*<br><br>Plaintiffs,<br>v.<br><br>LORAIN COUNTY BOARD OF COMMISSIONERS, *et al*.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 1:25-CV-2114<br><br>JUDGE PAMELA BARKER<br><br><br>**DEFENDANTS LORAIN COUNTY BOARD OF COMMISSIONERS AND SHERIFF PHILIP STAMMITTI'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**<br><br>**(JURY DEMAND ENDORSED HEREON)** |

NOW COMES Defendants, Lorain County Board of Commissioners and Sheriff Philip Stammitti ("Defendants"), by and through undersigned counsel, and for their Answer to Plaintiffs' Amended Complaint ("Complaint"), hereby states as follows:

1. Upon information and belief, these Defendants admit that Plaintiff Price is a citizen of the United States and resides in Elyria, Ohio.

2. Upon information and belief, these Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. These Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. These Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. These Defendants deny the allegations contained in Paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. These Defendants deny the allegations contained in Paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. These Defendants deny the allegations contained in Paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

## JURISDICTION AND VENUE

8. Answering Paragraph 8 of Plaintiffs' Complaint, these Defendants admit that Plaintiffs allege claims arise out of the Civil Rights Act of 1871, the U.S. Constitution, and Ohio State law. These Defendants deny that they are responsible for any violations of Plaintiffs' rights, and deny any legal responsibility related to these allegations.

9. These Defendants admit that jurisdiction is proper in this Court.

10. These Defendants admit the allegations in Paragraph 10.

## FACTS

11. These Defendants deny the allegations contained in Paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Answering Paragraph 12 of Plaintiffs' Complaint, these Defendants admit that on January 10, 2024 at approximately 1:30 PM, a raid was executed on the premises. Further answering Paragraph 12, these Defendants deny each and every and all remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth.

13. These Defendants deny the allegations contained in Paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. These Defendants deny the allegations contained in Paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. These Defendants deny the allegations contained in Paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. These Defendants deny the allegations contained in Paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Answering Paragraph 17 of Plaintiffs' Complaint, these Defendants admit that W.P. was transported to St. John's Hospital for treatment. Further answering Paragraph 17 of Plaintiffs' Complaint, these Defendants deny each and every and all remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth.

18. These Defendants deny the allegations contained in Paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. These Defendants deny the allegations contained in Paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. These Defendants deny the allegations contained in Paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. These Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. These Defendants deny the allegations contained in Paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. These Defendants deny the allegations contained in Paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Answering Paragraph 24 of Plaintiffs' Complaint, these Defendants admit that Defendant Stammitti received a request on January 15, 2024 to conduct an administrative review of the search warrant and search warrant execution. Further answering Paragraph 24 of Plaintiffs' Complaint, these Defendants deny each and every remaining allegation.

25. Answering Paragraph 25 of Plaintiffs' Complaint, these Defendants admit that Bud Sivert lead the investigation into the GoFundMe. Further answering Paragraph 25 of Plaintiffs' Complaint, these Defendants deny each and every remaining allegation.

26. These Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. These Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28. These Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. These Defendants admit the allegations contained in Paragraph 29 of the Complaint.

30. These Defendants admit that the Lorain County Grand Jury issued an indictment against Plaintiff Courtney Price and aver that the criminal docket speaks for itself. These Defendants deny each and every and all further allegations in Paragraph 30 of Plaintiffs' Complaint that is inconsistent with the criminal docket and that are not specifically admitted herein.

31. These Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. These Defendants deny the allegations contained in Paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33. These Defendants admit that a warrant for Plaintiff Price's arrest was issued on November 27, 2024. These Defendants deny each and every and all allegations in Paragraph 33 of Plaintiffs' complaint that are inconsistent with the documentation regarding Ms. Price's warrant.

34. These Defendants deny the allegations contained in Paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.

35. These Defendants deny the allegations contained in Paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

36. These Defendants admit that Plaintiff Courtney Price was arrested on May 5, 2025 and that she was held at the Lorain County Jail. Further answering Paragraph 36 of Plaintiffs'

Complaint, these Defendants deny each and every and all remaining allegations not specifically admitted herein.

**COUNT 1**
**Retaliation (Section 1983)**

37. Answering Paragraph 37 of Plaintiffs' Complaint, these Defendants realleges all of the admissions, denials and averments contained in Paragraphs 1-36 of this Answer as if fully rewritten herein.

38. In Paragraph 38, Plaintiffs are stating a legal conclusion that does not warrant a response. These Defendants deny each and every and all further allegations in Paragraph 38 of Plaintiffs' Complaint that is inconsistent with that legal conclusion and each and every allegation in Paragraph 38.

39. In Paragraph 39, Plaintiffs are stating a legal conclusion that does not warrant a response. These Defendants deny each and every and all further allegations in Paragraph 39 of Plaintiffs' Complaint that is inconsistent with that legal conclusion and each and every allegation in Paragraph 39.

40. In Paragraph 40, Plaintiffs are stating a legal conclusion that does not warrant a response. These Defendants deny each and every and all further allegations in Paragraph 40 of Plaintiffs' Complaint that is inconsistent with that legal conclusion and each and every allegation in Paragraph 40.

41. These Defendants deny the allegations contained in Paragraph 41 of the Plaintiffs' Complaint.

42. These Defendants deny the allegations contained in Paragraph 42 of the Plaintiffs' Complaint.

43. These Defendants deny the allegations contained in Paragraph 43 of the Plaintiffs' Complaint.

44. These Defendants deny the allegations contained in Paragraph 44 of the Plaintiffs' Complaint.

45. These Defendants deny the allegations contained in Paragraph 45 of the Plaintiffs' Complaint.

**COUNT 2**
**Conspiracy (Section 1983)**

46. Answering Paragraph 46 of Plaintiffs' Complaint, these Defendants reallege all of the admissions, denials and averments contained in Paragraphs 1-45 of this Answer as if fully rewritten herein.

47. These Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. These Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. These Defendants deny the allegations contained in Paragraph 49 of the Complaint.

**COUNT 3**
**Malicious Prosecution (Section 1983)**

50. Answering Paragraph 50 of Plaintiffs' Complaint, these Defendants reallege all of the admissions, denials, and averments contained in Paragraphs 1-49 of this answer as if fully rewritten herein.

51. These Defendants admit that a criminal prosecution was initiated against Plaintiff Price. These Defendants deny each and every and all further allegations in Paragraph 51 of Plaintiffs' Complaint that is not specifically admitted herein.

52. These Defendants admit that Plaintiff was acquitted in a jury trial. These Defendants deny each and every and all further allegations in Paragraph 52 that are not specifically admitted herein.

53. These Defendants deny the allegations contained in Paragraph 53 for lack of knowledge or information sufficient to form a belief as to their truth.

54. These Defendants deny the allegations contained in Paragraph 54 of the Complaint.

**COUNT 4**
**Malicious Prosecution (Ohio Law)**

55. Answering Paragraph 55 of Plaintiffs' Complaint, these Defendants reallege all of the admission, denials, and averments contained in Paragraphs 1-54 of this Answer as if fully rewritten herein.

56. These Defendants admit that a criminal prosecution was initiated against Plaintiff Price. These Defendants deny each and every and all further allegations in Paragraph 56 of Plaintiffs' Complaint that is not specifically admitted herein.

57. These Defendants admit that Plaintiff was acquitted in a jury trial. These Defendants deny each and every and all further allegations in Paragraph 57 that are not specifically admitted herein.

58. These Defendants deny the allegations contained in Paragraph 58 for lack of knowledge or information sufficient to form a belief as to their truth.

59. These Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. These Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. These Defendants deny the allegations contained in Paragraph 61 of the Complaint.

**COUNT 5**
**Intentional Infliction of Emotional Distress (Ohio Law)**

62. Answering Paragraph 62 of Plaintiffs' Complaint, these Defendants reallege all of the admissions, denials, and averments contained in Paragraphs 1-61 of this Answer as if fully rewritten herein.

63. These Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. These Defendants deny the allegations contained in Paragraph 64 for lack of knowledge or information sufficient to form a belief as to their truth.

65. These Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. These Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. These Defendants deny the allegations contained in Paragraph 67 of the Complaint.

**COUNT 6**
**Defamation Per Se (Ohio Law)**

68. Answering Paragraph 68 of Plaintiffs' Complaint, these Defendants reallege all of the admissions, denials and averments contained in Paragraphs 1-67 of this Answer as if fully rewritten herein.

69. These Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. These Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. These Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. These Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. These Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. These Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. These Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. These Defendants deny the allegations contained in Paragraph 76 of the Complaint.

**COUNT 7 (Listed as Count 8 in the Amended Complaint)**
**Loss of Parental Consortium (Ohio Law)**

77. Answering Paragraph 77 of Plaintiffs' Complaint, these Defendants reallege all of the admissions, denials, and averments contained in Paragraphs 1-76 of this Answer as if fully rewritten herein.

78. These Defendants admit the allegations contained in Paragraph 78 of the Complaint.

79. These Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. These Defendants deny the allegations contained in Paragraph 80 for lack of knowledge or information sufficient to form a belief as to their truth.

81. These Defendants deny the allegations contained in Paragraph 81 for lack of knowledge or information sufficient to form a belief as to their truth.

82. These Defendants deny the allegations contained in Paragraph 82 for lack of knowledge or information sufficient to form a belief as to their truth.

83. These Defendants deny the allegations contained in Paragraph 83 for lack of knowledge or information sufficient to form a belief as to their truth.

84. Answering Defendants Prayer for Relief, these Defendants deny that Plaintiff is entitled to the relief sought.

**AFFIRMATIVE DEFENSES**
**FIRST DEFENSE**

85. Plaintiffs' Complaint fails to state a claim upon which relief may be granted in some or all respects.

**SECOND DEFENSE**

86. These Defendants are entitled to Qualified Immunity.

**THIRD DEFENSE**

87. The allegations set forth in Plaintiffs' complaint are barred, in whole or in part, because they are the result of Plaintiffs' own acts or omissions and/or the acts or omissions of others over whom Defendants had no authority or control, for which Defendants have no responsibility.

**FOURTH DEFENSE**

88. The damages Plaintiffs seek were caused in whole or in part by persons over whom Plaintiffs did not seek recovery, and any alleged damages may be reduced based upon the tortious conduct of those individuals.

**FIFTH DEFENSE**

89. These Defendants are entitled to all immunities, damage limitations, damage setoffs, and other benefits conferred upon them by R.C. Chapter 2744 and/or Ohio common law by reason of their status as an employee or official of a political subdivision of the State of Ohio.

**SIXTH DEFENSE**

90. These Defendants are not sui juris.

**SEVENTH DEFENSE**

91. Plaintiffs' Complaint is filed outside of the Statute of Limitations as to one or more charges.

**EIGHTH DEFENSE**

92. Plaintiffs have failed to join indispensable and/or necessary parties to this litigation.

**NINTH DEFENSE**

93. Plaintiffs may not recover punitive damages against a political subdivision.

## TENTH DEFENSE

94. Any damage or injury which Plaintiffs may have suffered as alleged in their Complaint was directly and proximately caused by the intervening and/or superseding acts of others.

## ELEVENTH DEFENSE

95. Any recovery to which Plaintiffs may have been entitled is barred, in whole or part, due to duress, fraud, and/or illegality.

## TWELFTH DEFENSE

96. Plaintiffs have failed to mitigate their damages.

## THIRTEENTH DEFENSE

97. Defendants reserve the right to amend his answer with any additional defenses subject to any discovery provided in this case.

**WHEREFORE**, having fully answered, Defendants pray that Plaintiffs' Complaint be dismissed, and that they may go hence without cost or delay.

Respectfully submitted,

*/s/Jonathan Sauline*

DAVID M. SMITH (0079400)
JONATHAN SAULINE (0090822)
Meyers, Roman, Friedberg & Lewis
28601 Chagrin Boulevard, Suite 600
Cleveland, Ohio 44122
Tel: 216.831.0042
Fax: 216.831.0542
dsmith@meyersroman.com
jsauline@meyersroman.com

*Counsel for Defendants*

## JURY DEMAND

A trial by jury is demanded herein on all issues presented to this Court.

*/s/ Jonathan Sauline*
JONATHAN SAULINE (0090822)

*Counsel for Defendants Lorain County and Sheriff Stammitti*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June 2026, a copy of the foregoing Defendants Lorain County Board of Commissioners and Sheriff Phillip Stammitti's Answer to Plaintiffs' Amended Complaint was filed with the Court electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Jonathan Sauline*
JONATHAN SAULINE (0090822)

*Counsel for Defendants Lorain County and Sheriff Stammitti*